UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICKY WARE BEY; JOHN DOE 1-1000; JANE DOE 1-1000,

                Plaintiffs,

-against-

MAYOR ERIC ADAMS, CITY OF NEW YORK, ET AL.,

                Defendants.

22-CV-2593 (LTS)

ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP APPLICATION AND ORIGINAL SIGNATURE

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Vicky Ware Bey brings this action *pro se*.[1] To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Rather than using the court's form IFP application, Plaintiff submits an "Affidavit to Proceed Informa [sic] Pauperis." (ECF 1.) Plaintiff's five-page affidavit does not provide facts establishing that she is unable to pay the filing fees.[2] She instead asserts that "A denial to

---

[1] Plaintiff Ware Bey also purports to bring claims on behalf of 1,000 John Doe and 1,000 Jane Doe plaintiffs. As a nonlawyer, however, Plaintiff can only represent her own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'")).

[2] It is unclear if Plaintiff intended to submit the affidavit in this action. Although captioned for this case, it refers to the complaint in this action as a "Notice of Removal" of a case in the New York State Supreme Court, Kings County, a possible reference to a previous case Plaintiff attempted to remove from the state court, but which this Court remanded on April 4, 2022. *See Ware Bey v. Brann*, ECF 1:22-CV-2400, 6 (S.D.N.Y. April 4, 2022).

proceed informa [sic] pauperis violates [her] rights secured by the United States Constitution and is contrary to Article VI in the United States Constitution" and proceeds to quote extensively from the Constitution. (*See id.* at 1-5.) Plaintiff fails to provide information about her employment status, her sources of income, any money or assets she may have, or any financial debts or obligations. Because Plaintiff fails to provide any information about her financial circumstances, the Court is unable to conclude that Plaintiff is unable to afford the filing fees.

Plaintiff also submitted her IFP affidavit without a signature. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit a completed and signed amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 22-CV-2593 (LTS), and address the deficiencies described above by providing facts to establish that she is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

3

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: April 4, 2022
       New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge