UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICKY WARE BEY; JOHN DOE 1-1000; JANE DOE 1-1000, | |
| Plaintiffs, | 22 Civ. 2593 (PAE) |
| -against- | ORDER OF SERVICE |
| MAYOR ERIC ADAMS, CITY OF NEW YORK, ET AL., | |
| Defendants. | |

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff Vicky Ware Bey brings this *pro se* action, for which the filing fees have been paid, alleging that defendants violated her rights. For the reasons set forth below, the Court (1) dismisses any claims Bey may be asserting on behalf of "John Doe 1-1000" and "Jane Doe 1-1000"; (2) dismisses Bey's claims against the New York City Department of Correction, and (3) directs the Clerk of Court to add the City of New York as a defendant; and directs the Clerk of Court to issue summonses.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks

omitted).  The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*,

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal

quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.      Claims brought on behalf of John Doe 1-1000 and Jane Doe 1-1000**

Bey purports to bring claims on behalf of 2,000 John and Jane Doe plaintiffs.  As a

nonlawyer, Bey can only represent her own interests.  *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent*

*Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an

attorney may not appear on another person's behalf in the other's cause.") (internal quotation

marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir.

1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to

the practice of law by a governmental regulatory body, and that by a person representing

himself'").  The Court therefore dismisses without prejudice any claims Bey is asserting on

behalf of "John Doe 1-1000" and "Jane Doe 1-1000."

**B.      Claims against the New York City Department of Correction**

Bey's claims against the New York City Department of Correction must be dismissed

because an agency of the City of New York is not an entity that can be sued.  N.Y. City Charter

ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of

any law shall be brought in the name of the city of New York and not in that of any agency,

except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d

Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010)

("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Bey's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to substitute the New York City Department of Correction with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**C.     John/Jane Doe Defendants**

Plaintiff names "John Doe 1-10,000" and "Jane Doe 1-10,000" as defendants in the caption of the complaint. Because Plaintiff alleges no facts showing how these Doe defendants were directly involved in violating her rights, and provides no information would that allow any City agency to identify these defendants, the Court declines to issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), for these defendants at this time.

**D.     Order of Service**

The Clerk of Court is directed to issue summonses as to defendants Eric Adams, Louis Molina, Melanie Whinnery, the City of New York, and the New York City Employees' Retirement System. Bey is directed to serve a summons and complaint on each defendant within 90 days of the issuance of the summonses. If within those 90 days, Bey has not either served defendants or requested an extension of time to do so, the Court may dismiss the claims against defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

## CONCLUSION

The Court dismisses without prejudice any claims Bey is asserting on behalf of John Doe 1-1000 and Jane Doe 1-1000.

The Court dismisses Bey's claims against the New York City Department of Correction. The Clerk of Court is directed to add the City of New York as a defendant under Fed. R. Civ. P. 21.

The Clerk of Court is directed to issue summonses as to defendants Eric Adams, Louis Molina, Melanie Whinnery, the City of New York, and the New York City Employees' Retirement System.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail an information package to Bey.

SO ORDERED.

Dated:   April 8, 2022
         New York, New York

PAUL A. ENGELMAYER
United States District Judge

4