UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICKY WARE BEY,

                     Plaintiff,

-v-

MAYOR ERIC ADAMS ET AL,

                     Defendants.

22 Civ. 2593 (PAE) (RWL)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On April 8, 2022, this Court issued an order of service, which dismissed plaintiff Vicky Ware Bey's claims brought on behalf of John Doe 1-1000 and Jane Doe 1-1000 and her claims against the New York City Department of Correction. *See* Dkt. 6. The Court construed the claims against the latter as a claim against the City of New York, and instructed the Clerk of the Court to substitute the City for the Department of Corrections. *Id.*

On April 11, 2022, the Court received from Bey a "motion for miscellaneous relief," which it construes as a motion for reconsideration of its April 8 order. *See* Dkt. 16. Bey requests that the Court restore John Doe 1-1000 and Jane Doe 1-1000 as plaintiffs. *Id.* Bey states in support that "Had the Defendants . . . properly screened and investigated all employees prior to hiring or appointing them to work for the New York City Department of Corrections, it would have revealed the prospective employees or appointed officers [sic] propensity for harming other employees as well as the public and the Plaintiff . . ." *Id.*

The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also* S.D.N.Y. Local Rule 6.3 (requiring the movant to "set[] forth

concisely the matters or controlling decisions which counsel believe the court has overlooked"). Reconsideration must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Nieves v. N.Y.C. Police Dep't*, 716 F. Supp. 2d 299, 303 (S.D.N.Y. 2010) (citation omitted). Reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

Bey has not met this high bar. Bey identifies no source of law or fact that the Court overlooked in dismissing the claims brought on behalf of the John and Jane Does and dismissing the Department of Corrections as a defendant. As to the claims brought on behalf of the John and Jane Does, as the Court explained in its April 8, 2022 order, Bey, as a *pro se* plaintiff, can represent only her own interests. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008).

As to the Department of Corrections, as the Court explained in its April 8, 2022 order, it cannot be sued directly. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The appropriate defendant, therefore, is the City of New York. Consistent with that, the Court directed the Clerk of the Court to substitute the City for the Department of Corrections.

Accordingly, the Court denies Bey's motion for reconsideration. The Clerk of Court is respectfully directed to close the motion pending at docket 16 and mail this order to plaintiff at the address on file.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: April 21, 2022
New York, New York