UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICKY WARE BEY,

                                    Plaintiff,

                    -v-

MAYOR OF NEW YORK CITY ERIC ADAMS et al.,

                                    Defendants.

---

22 Civ. 2593 (PAE) (RWL)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

*Pro se* plaintiff Vicky Ware Bey is a former correctional officer with the New York City

Department of Correction (the "DOC") who alleges a wide-spanning conspiracy against her by

thousands of named and unnamed defendants.  As alleged by Bey, the conspiracy sought to harm

her through stalking, surveillance, dissemination of that surveillance, human trafficking, and

involuntary servitude in retaliation for her complaint to the DOC of purported sexual harassment

by another correctional officer.  She further alleges that the DOC owes her hazard pay, engaged

in negligent hiring, training, and retention, and is responsible for the wrongful death of her

father.  The named defendants—New York City Mayor Eric Adams, DOC Commissioner Louis

Molina, New York City Employees Retirement System ("NYCERS"), NYCERS Executive

Director Melanie Whinnery, and the City of New York (collectively, "defendants")—have

moved to dismiss all claims.

On November 4, 2022, the Hon. Robert W. Lehrburger, United States Magistrate Judge,

issued a Report and Recommendation, recommending that defendants' motion be granted.  Dkt.

148 ("Report").  Over the next two weeks, Bey submitted numerous filings to the Court.  These

included more than 400 pages of legal-brief-like submissions, *see* Dkts. 158, 163–64, 166, 169,

174, repeated requests for disqualification of Judge Lehrburger or reassignment of the matter to another judge, *see* Dkts. 149, 150, 162, 172, 180, and various motions seeking: (1) judgments in excess of $100 million, *see* Dkts. 160, 170–71, 175–76, 178–79, (2) writs of execution, *see* Dkts. 181–83, (3) to lift a stay of discovery, *see* Dkts. 158, 166, (4) judgment as a matter of law, *see* Dkts. 152–57, and (5) the imposition of a protective order, *see* Dkt. 173.

These filings provoked three court orders.  On November 10, 2022, Judge Lehrburger denied the filings at Dockets 149–160 "as frivolous and in violation of the Court's previous orders," and instructed Bey that the "only proper filing at this time would be objections to the" Report. Dkt. 161.  On November 18, 2022, Chief Judge Laura T. Swain addressed various motions from Bey directed to her chambers, including several seeking disqualification of Judge Lehrburger.  Dkt. 177.  Chief Judge Swain directed Bey to submit any allegations of judicial misconduct to the Clerk of the United States Court of Appeals for the Second Circuit, consistent with 28 U.S.C.A. § 351(a), and denied all motions for the recusal or disqualification of Judge Lehrburger.  *Id.*  On November 22, 2022, after Bey's "continued vexatious filing of numerous frivolous applications and documents," Judge Lehrburger directed the Clerk of Court of this District "not to accept any further documents for filing by [Bey] until the Court has ruled on the pending Report."  Dkt. 184.  Defendants have not filed objections or responded to Bey's filings.

For the following reasons, the Court adopts the Report in its entirety.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the

record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation simply reiterates its original arguments, a district court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Further, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (citation omitted).

Out of solicitude for Bey's status as a *pro se* party, the Court has attempted to construe Bey's numerous filings as objections to the Report. However, these filings cannot coherently be so read, even when viewed through the lenient lens generally accorded to *pro se* parties' objections. Bey's filings do not take aim at any of the Report's legal analysis and conclusions. *See Kelley v. Universal Music Grp.*, No. 14 Civ. 2968 (PAE), 2017 WL 3995623, at *2 (S.D.N.Y. Sept. 11, 2017).

In particular, the Court has closely examined the filings at Dockets 158, 163, 164, 166, 169, and 174. More so than filings directed towards Judge Lehrburger's recusal or other issues, these potentially could appear to advance legal arguments and challenges to the Report. But the

filings are largely unintelligible.  And where they do contain coherent sentences, they restate in

conclusory terms the claims in this litigation and excerpt lengthy portions of legal authorities,

such as the United States Constitution and federal statutes.  Bey was expressly notified that the

Court would accept objections to the Report, provided that such were filed appropriately, in a

form comprehensible to the Court, when Judge Lehrburger issued a follow-on order on

November 10, 2022, six days after he issued the Report.  *See* Dkt. 161.  Regrettably, Bey did not

do so.

       Although Bey's objections do not coherently object to the Report's factual or legal

conclusions, Bey, through her various filings, has made a cognizable objection to the Report on

the basis of judicial misconduct.  *See* Dkts. 149, 150, 162, 172, 180.  Most specifically, Bey cites

to Judge Lehrburger's former employment with the City of New York as a potential conflict of

interest:

> Judge Lehrburger knew he was disqualified from the beginning and upon reading
> the caption, he should have acted with integrity, immediately and voluntarily
> recusing himself from this matter knowing he has a pre-existing relationship with
> the Defendants lawyers in this matter which extends from his employment with the
> Defendants in his private practice as a lawyer with The City of New York as
> Counsel, Advisor, and Special Advisor to The City of New York Law Department
> and The City of New York Corporation Counsel in which his impartiality is
> reasonably questioned by Plaintiff / Petitioner / Claimant / Crime Victim /
> Aggrieved and Injured Party/ Complainant, and is not limited to the following
> circumstances but is also predicated upon his actions in this matter which displays
> prejudice towards the Plaintiff / Petitioner / Claimant / Crime Victim / Aggrieved
> and Injured Party/ Complainant on several occasions and is a clear abuse of
> discretion.

Dkt. 172 at 2.

       This objection, although intelligible, is patently baseless.  Recusal is warranted only

where "an objective, disinterested observer fully informed of the underlying facts, [would]

entertain significant doubt that justice would be done absent recusal."  *United States v. Carlton*,

534 F.3d 97, 100 (2d Cir. 2008) (citation omitted).  "[T]he public interest mandates that judges

not be intimidated out of an abundance of caution into granting disqualification motions."  *Da*

*Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 148–51 (S.D.N.Y. 2012), *objections*

*overruled sub nom. Moore v. Publicis Groupe SA & MSL Grp.*, No. 11 Civ. 1279 (ALC) (AJP),

2012 WL 12528637 (S.D.N.Y. Nov. 8, 2012).

Bey's basis for recusal—that Judge Lehrburger long ago worked on a temporary basis for

a defendant—was acknowledged and addressed by Judge Lehrburger.  On August 16, 2022,

Judge Lehrburger denied a motion for recusal, explaining:

> Plaintiff's proffered basis for recusal is that early in my career (approximately 1994, when I was a fifth-year associate), I spent four months on loan from my law firm to the New York City's Corporation Counsel.  In that capacity, I defended the City against various tort cases, none of which involved federal litigation.  Given the remoteness of my pro bono service to the City, its brief duration, and the unrelated nature of the proceedings, there is no appearance of impropriety nor any other basis for recusal.

The Court does not find any basis to depart from Judge Lehrburger's reasonable and sensible

assessment of this claim of a conflict of interest.  Bey's attacks on the judiciary are unfounded,

and any implied motion for recusal of any judge involved in the matter thus far (or any motion

for reconsideration of a denial of any such motion) is denied.

Accordingly, the Court reviews the Report's recommendation to dismiss all claims

against defendants only for clear error.  Careful review of the thorough and well-reasoned Report

reveals that there is no facial error in its conclusions.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Lehrburger's November 4,

2022 Report and Recommendation in its entirety.  Defendants' motion to dismiss is granted.

The Clerk of Court is respectfully directed to terminate all pending motions, mail a copy of this order to plaintiff at her address of record, dismiss all defendants and all pending claims with prejudice,[1] and close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: December 28, 2022
       New York, New York

---

[1] Thousands of unnamed John and Jane Doe defendants in this case have not yet been served. The Court is cognizant of the Second Circuit's "general policy" of disapproving the dismissal of *pro se* petitions "before service and appearance."  *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987).  However, this policy does not go so far as to permit a case with futile claims to remain open indefinitely, as here, where Bey has asserted claims with no likelihood of success against either the served or unserved defendants.  Report at 28–29 (offering various grounds for dismissal of all claims, including that the "complaint could properly be dismissed based on Plaintiff's repeated violation of court orders, frivolous court filings, and otherwise vexatious conduct"); *see, e.g.*, *Cruz v. Hastings*, No. 20 Civ. 4392 (VEC) (BCM), 2022 WL 1050795, at *7 (S.D.N.Y. Jan. 31, 2022), *report and recommendation adopted*, No. 20 Civ. 4392 (VEC), 2022 WL 873197 (S.D.N.Y. Mar. 24, 2022) (dismissing with prejudice claims by *pro se* plaintiff against unserved defendants, where claims were futile); *Williams v. Novoa*, No. 19 Civ. 11545 (PMH), 2022 WL 161479, at *13 (S.D.N.Y. Jan. 18, 2022) (same); *Cox v. City of New Rochelle*, No. 17 Civ. 8193 (PMH), 2020 WL 5774910, at *9 (S.D.N.Y. Sept. 28, 2020) (same); *BMO Cartwright v. D'Alleva*, No. 17 Civ. 5953 (ATK) (HP), 2018 WL 9343524, at *9 (S.D.N.Y. Aug. 27, 2018) (same), *aff'd*, 782 F. App'x 77 (2d Cir. 2019).